All rise. United States Court of Appeals for the Ninth Circuit is now in session. You may be seated. Good morning to all of you in the courtroom and also to those appearing virtually. Judge McEwen and I are very happy to be in Seattle today and we're pleased to also welcome Judge Silver from the District of Arizona who is sitting by designation. We appreciate her help and thank her for being here today. It's my pleasure. Thank you. We have one submission today that's Vasquez Garcia v. Garland. That case is submitted and we'll take up the remaining cases in the order they appear on the calendar. We'll first hear argument in Harris v. Haynes. Both attorneys are appearing virtually and each side will have ten minutes. Counsel, whenever you're ready. Thank you, Your Honor. May it please the court, my name is Mike Kars and I represent the appellant Darrel Harris. I would like three minutes for rebuttal. I would like to start this morning's discussion to talk about the prosecutorial misconduct issue. And I want to highlight that misconduct arguments to protect children in a general sense to the future are very effective arguments on an emotional level to a jury. And this is why they're so hazardous to obtaining a good jury verdict. The question is, will a curative instruction even work? Another issue that comes up is the timing of the misconduct. In this case, we have misconduct both during the closing argument and during the rebuttal. And it's important to understand that the Washington Court of Appeals did not address the difference between those two, being that you cannot ask for a curative instruction to let you object, but you will not have a chance... Counsel, if trial counsel had... Can you hear me? Yes. If trial counsel had objected to the prosecutor's closing argument, what, in your eyes, would have been the proper way to cure any prejudice? Well, in Washington, the way that any prejudice would be cured would be a curative instruction to disregard that argument. Didn't the trial court instruct the jury not to consider statements made by the lawyers in its initial instructions? That it did. However, that is not enough at times. What is in the record to establish in the closing argument that it wasn't a strategic decision made by the attorney not to object? One point is that the argument that was brought up initially was also in the rebuttal. The second issue would be... I'm stumbling over my tongue here. I apologize. Okay. But there was a question about, and the Court of Appeals used that as their justification, is that it had to do with whether or not there is correlative evidence to support the testimony. And while I vehemently disagree with the defense attorney's use of that argument, because testimony is sufficient by itself, at a certain point you go beyond that point. And this is where we're at. When you appeal to the passions of the jury in the rebuttal part of the argument without defense having an opportunity to respond other than object, and it does not, that is ineffective assistance to counsel. This was an argument that was using the 1% of the crimes. You can only prosecute 1%. We have to protect our children. That's what the argument that was being made. That is beyond an argument dealing with having other evidence to support the testimony. But, of course, I appreciate that argument. I mean, I think that borders on an outrageous statement by the prosecutor. But there are really two aspects to it. His counsel then leveraged that because, of course, the standard is beyond a reasonable doubt to say, look, here's the situation. It's not a low evidentiary threshold. It's a high. So, although he didn't object, he did leverage the statements. And doesn't that take some of the wind out of your sails? And then, secondly, how does this meet the prejudice bar, which is pretty high? Okay, first, in the closing argument, there was arguments regarding whether or not corroborative evidence was required. And that goes to that issue, I think, that Your Honor is addressing. However, in rebuttal, it's different. And I would differentiate, to answer your question, I would differentiate between the two because when you bring out the 1%, that's very different than making an argument that it doesn't require corroborative evidence for the testimony. So, and then the prejudice, two things. First, prejudice is cumulative. So, I mean, you can put it together on the second prong of Frickland with all of the other areas which you find prejudiced or ineffective assistance, excuse me. And secondly, it's because it is during the rebuttal that the failure to object lets that last statement go to the jury without any question. And the statement that I'm pointing out with the 1% is remarkably different than just to say there's no corroborative evidence. And I would point out at this time that the Court of Appeals had the opportunity to consider the timing of the particular statements and did not. So I would suggest that the Court of Appeals opinion on the rebuttal statement should be, quite frankly, no deference permitted because it did not address the issue that was before it. This can be shown by submitting the briefs on the record as a supplemental exhibit. Well, the standard is that the argument made by the prosecutor has to be egregious misconduct. And, of course, on a habeas, it is a double deferential standard. So what is your best case to establish that it was, this closing argument, was egregious misconduct? It's the one I'm mentioning, Your Honor, the 1%. And I see that my time has quickly expired. Would you like to reserve the balance of your time for rebuttal, Mr. Carson? Thank you. May it please the Court. John Sampson, Assistant Attorney General for the Respondent Appellee. The claim before this Court is not the underlying claim of prosecutorial misconduct, but instead the claim of ineffective assistance to counsel for not objecting to that improper argument. And under the Supreme Court's recent decision in Dunn v. Reeves, a state court determined that the defendant, a state court determined that the petitioner has not shown deficient representation, is not an unreasonable application of clearly established federal law in this case. In Dunn, the Supreme Court held that where the state court finds no deficient representation because the petitioner presented no evidence to rebut the presumption because the petitioner presented no evidence of counsel's reasoning, then this court may only grant relief if every fair-minded justice would agree that every reasonable lawyer would have made a different decision or taken a different action that defense counsel did in this case. And the Supreme Court also said in Dunn that it goes without saying that the absence of evidence cannot overcome the strong presumption of competence and the strong presumption that counsel's decision was reasonable. In this case, the Washington Court of Appeals pointed to the fact that Mr. Harris did not present any evidence from counsel regarding his reasoning. The court applied the presumption of competence and the court determined there were reasonable strategic reasons why counsel would not object. That decision was not an unreasonable application of Supreme Court precedent. Mr. Harris did not present any evidence of competence or reason to object to the prosecutor's rebuttal argument, but his argument does not give proper deference to the state court decision. The state court in deciding this claim on direct appeal first addressed the claim, the underlying claim of misconduct by the prosecutor, and the court went through all the comments by the prosecutor, both on the initial closing argument and the rebuttal closing argument, and the court addressed all those. Then the state court addressed the claim of ineffective assistance counsel. So the state court had that rebuttal argument in mind when it denied relief on the claim of ineffective assistance of counsel. I'm sorry to interrupt, but did the state court specifically find on the record that it was a strategic decision? Since that's a very difficult thing to find on the record, usually a strategic decision means that that decision was made by the lawyer and it was meant to be private decision. So the court, did the court, the state court say it was a strategic decision not to object? Not exactly, Your Honor, no. What the court said was applying the presumption of competence. Mr. Harris did not rebut that presumption and did not prove that it was not a strategic decision. As the Supreme Court has repeatedly said in Harrington and Penholster and Dunn versus Reeves, it's the petitioner's burden to come forward with evidence showing that the decision was not strategic. And as this court has recognized, it's common practice. Yeah, and sometimes it's clear from the record that it was strategic. A record is made. So in this case, you're saying the burden was on the defendant. And because he did not meet the burden, then there's no issue about whether or not it was strategic or not. Is that what you're saying? Yes, Your Honor. Because most of the time it's very hard to establish, right? Yes, Your Honor, unless counsel actually testifies. It is very hard to establish counsel's actual reasoning unless either counsel testifies or there's a documentation from counsel that indicates the thinking. And the court here did not find that counsel made a strategic decision. What the court found was that an objectively competent attorney would not necessarily object in this case. And therefore, Mr. Harris has not rebutted the presumption that his counsel was acting as an objectively competent attorney. And as the Supreme Court said in the pinholster case, it is an objective standard. So it doesn't focus necessarily on the subjective thinking of counsel. Rather, what would a reasonably objective attorney do in this case? Well, as I look at this particular statement by the prosecutor, and it was in rebuttal, it is a very, very strong statement and seems to me prejudicial. We don't want the law to require corroborating evidence, because then you could prosecute maybe 1% of the crimes. And not to let the defendant get away with this, because it is like so many others where there is no corroborating evidence. Now, why isn't that an egregious misstatement of the law, such that as a matter of law, we should say it was ineffective assistance of counsel not to object? Your Honor, two points on that. First is it was an improper appeal to the passion and prejudice of the jury, and it was an improper personal opinion of the prosecutor. But as the state court found, it was not a misstatement of the law, because the statement that the law does not require corroboration was itself a correct statement. The testimony of the witnesses is enough absent. You don't need additional forensic evidence or circumstantial evidence. So it was not a misstatement of the law. What the state court held as to the underlying claim was that, yes, they were improper appeals to the jury, but they were not so egregious as to cause prejudice. Therefore, that was a determination by the state court that was reasonable, and petitioner would have to show that it was unreasonable. As this court pointed out earlier in the argument, and as the magistrate judge pointed out, the judge did instruct the jury to disregard counsel's arguments  Even though there was not a separate curative instruction, there was that instruction out there, and the jury is presumed to follow that instruction. I would also point out that the court doesn't even need to reach the issue of prejudice, because the state courts denied the claim as well on the deficient representation prong. And under Shin v. Kaeher, if the court reaches either prong, then the petitioner has to show that the court's resolution of that prong was unreasonable. So if the state court, as it did in this case, found no deficient representation, it doesn't matter if there's prejudice or not prejudice. The petitioner cannot obtain relief under 2254D unless that state court decision was unreasonable. I would also point out that the defense counsel did use the prosecutor's argument in the defense argument. Both the hypothetical regarding the contract, but also directly used the prosecutor's argument about circumstantial evidence in the cookie jar, which a lot of prosecutors like to use. If you make cookies and then the kid's looking at them, and then later the cookies are gone and there's chocolate on the kid's face,  well, as the defense counsel pointed out in his closing argument, there's not even that evidence. There's not even the evidence of the chocolate on the kid's face. And that's what counsel was doing in this case, is saying the only evidence of the actual crime occurring was the testimony of the mother and the daughter. There was absolutely no corroborating evidence. And that is a reasonably strategic decision. And counsel could decide not to object to the prosecutor's argument, even though it's improper. And one reason they don't object is they don't want to highlight that. Yes, it did come at the end of the rebuttal argument, but by objecting, you almost highlight that fact for the jury, what the prosecutor just said. Sometimes it's better just to let it go because the jury is going to look at the instructions, they're going to follow the instructions, and they're going to look at the evidence. And the state court decision in this case was not unreasonable. And for that reason, the district court correctly denied relief. Unless the court has further questions, I would ask that this court affirm. Thank you. Thank you. Mr. Karras, I think you have about two and a half minutes left for rebuttal. Yes. The court has focused on the prosecutor of misconduct. And regarding the missing witnesses, I believe that's a critical issue in this case also. And I just wanted to make a couple of comments, basically, that character evidence can be critical in sex cases. And especially because oftentimes these cases do not have corroborating evidence. And the fact that counsel did not interview any of the possible witnesses to shut down Mr. Harris's inquiry right at the beginning is a critical issue here regarding whether or not the court of appeals decision should give deference according to the habeas rules. Now, I want to go back to the prosecutorial misconduct. Once again, I reiterate that the court of appeals did not put the closing versus the rebuttal in context. In other words, a rebuttal argument was with that, hypothetically speaking, if the prosecutor had made the argument about the 1% in closing, but not rebuttal, one could say it's a little less egregious because then the defense attorney has the option to respond and make comments during their closing. But in this case, it's rebuttal. And once again, I would say that that's absolutely critical. And I draw this court's attention to Zapata v. Vasquez, that 788F3-1106 of this circuit, that prejudicial evidence at the end of trial in the absence of a limiting instruction only magnified the prejudicial effect. But it's the last opportunity to address the jury. It's insulated from direct challenge. It's the placement of the statement. And the Washington court of appeals had the opportunity to address the placement because it was raised. And it did not. So therefore, I would suggest to this court that deference is not due to at least the rebuttal argument of the Washington court of appeals. And I ask this court overturn the district court's ruling. Thank you. Thank you, counsel. This matter is now submitted.
judges: McKEOWN, DESAI, Silver